Charles E. UMBERGER et al., Plaintiffs and Appellants,

v.

STATE of South Dakota ex rel. DEPARTMENT OF GAME, FISH AND PARKS, Defendant and Respondent.

No. 11725.

Supreme Court of South Dakota.

Dec. 31, 1976.

---

**2.** We note that the legislature recently terminated the ASAP program. Ch. 193, Laws of 1976.

**396**

Gary E. Davis and Charles Rick Johnson, Johnson, Johnson & Eklund, Gregory, for plaintiffs and appellants.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for defendant and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

McMURCHIE, Circuit Judge.

Plaintiffs, Umbergers and Junod, appeal from a judgment of the Sixth Judicial Circuit Court in favor of defendant State of South Dakota, ex rel. Department of Game, Fish & Parks, hereinafter referred to as the state.

This appears to be an action primarily in the nature of an injunction wherein plaintiffs, Umbergers, sought the removal of one specific barricade erected by the state and plaintiff, Junod, sought removal of another specific barricade erected by the state in the vicinity south of Burke Lake in Gregory County, South Dakota. The actions were consolidated and this appeal is taken by the plaintiffs.

The state owns an area in Gregory County known as Burke Lake Recreation Area, having acquired title to the same by deed dated April 17, 1967, and filed April 28, 1967, from the City of Burke. Burke Lake Recreation Area is located in part of Section 32 and part of Section 33, Township 97 North, Range 71, West of the 5th P.M., and is entirely in Burke Civil Township. The section line between Sections 32 and 33 extends through the Burke Lake Recreation Area from the south to the north and Burke Lake itself covers a portion of the section line.

A county road designated as County Highway 32 runs in an east-west direction along the north boundary line of Section 32 and Section 33. State Highway 18 runs in a northwest-southeast direction south of the Burke Lake Recreation Area.

County Highway 39 extends from State Highway 18 north along the section line between Sections 32 and 33 until it reaches the Burke Lake Recreation Area where it joins a road described as "the Township highway * * * located between Sections Thirty-two (32) and Thirty-three (33) and that portion of said township highway which runs through the North, West and South sides of the Burke Lake recreation area located in Section Thirty-two (32) all located in the Burke Civil Township number ninety-seven (97), North, Range Seventy-one (71), West of the 5th P.M., in Gregory County, South Dakota * * *" which was vacated by the Burke Civil Township Board on June 14, 1974, the same having been declared to be part of the township road system prior to vacation.

Plaintiffs, Umbergers, reside and have a set of farm buildings a short distance west of the Burke Lake Recreation Area and own land to the west, south and east thereof.

Plaintiff, Junod, resides near County Highway 39, approximately one and one-half miles south of the Burke Lake Recreation Area in Union Township. The state attempted to erect the barricade on the

27th day of July 1974, and actually erected it on the 5th day of August 1974. The barricade is in the Burke Lake Recreation Area located southeasterly from the Umberger farm. This blocks one of the routes used by the Umbergers since 1970 with the consent of the state to gain access to the Umberger farmland located south and east of their buildings. In 1970, the state created a gate to the southeast of the Burke Lake Recreation Area for the Umbergers' use in obtaining access to their land.

The barricade which plaintiff, Junod, seeks to have removed is across the section line highway between Section 32 and Section 33 located on the southern boundary line of the Burke Lake Recreation Area. It was installed and erected at the same time as the Umberger barricade.

The state on February 5, 1974, granted to plaintiff, Charles E. Umberger, his heirs, successors or assigns, an easement across some portion of the Burke Lake Recreation Area. The state now claims that it gave the Umbergers no vested rights in any specific right-of-way over the state property. The state pleads that the instrument was nothing more than a revocable license conditioned upon the continuing consent of the state.

Plaintiffs' brief contains four assignments of error. The first is the contention by plaintiffs, Umbergers, that the barricade established on the abandoned township road located solely within the Burke Lake Recreation Area east and south of the Umberger farm headquarters violates the written easement which reads as follows:

"[A]n easement for the purpose of transporting farm vehicles, farm machinery, livestock and produce across the Burke Lake State Recreation Area located in the East Half (E ½) of Section thirty-two (32), township ninety-seven (97) North, Range Seventy-one (71) West of the 5th P.M., in Gregory County, South Dakota."

The easement also contained this provision:

"It is further understood and agreed that the actual route * of the above de-scribed right of way may have to be altered or changed from time to time by reason of changing weather conditions or different development projects of the Department of Game, Fish and Parks, and that any changes in the actual route of this right of way must be mutually agreed upon by the Department of Game, Fish and Parks and Charles E. Umberger, his heirs, successors or assigns."

The trial court found that the instrument constituted an easement, and that the instrument itself implied that one route was to be mutually agreed upon. The route not being specifically set forth, the court at the time of trial ruled that oral testimony was permissible for the limited purposes of establishing the intentions of the parties concerning the route contemplated before the actual signing of the easement and any oral agreements between the parties after the signing of the easement.

"In construing a grant, conveyance, or other instrument creating an easement ' "the document itself, and that only, can, in the first instance, be looked at to discover the extent and nature of the agreement and the terms of the grant." ' " *Salmon v. Bradshaw,* 1969, 84 S.D. 500, 505, 173 N.W.2d 281, 284.

The grant in and of itself is not ambiguous in that it granted plaintiffs, Umbergers, a floating easement at an unspecified and uncertain point across the state land to another unspecified and uncertain point. The easement itself anticipated mutual agreement in establishing a more exact route, allowing the admission of parol evidence to establish the existence of any executed agreement.

■ It has long been the general view that where an easement is acquired by grant in a given location in the servient tenement it becomes fixed by specific designation from a mutual agreement, or by usage and acquiescence. Its location may not be substantially changed by any one party without the consent of the other.

* The word route is used in the singular and does not contemplate multiple routes.

*Hannah v. Pogue,* 1944, 23 Cal.2d 849, 147 P.2d 572.

In the instant case, only one easement was granted to the Umbergers, and it clearly contemplated only one route limited to the purposes set forth therein. This distinguishes the facts from the *Salmon* case.

SDCL 43–4–16 states:

"A grant is to be interpreted in favor of the grantee, except that a reservation in any grant, and every grant by a public officer or body, as such, to a private party, is to be interpreted in favor of the grantor."

The trial court was not called upon to change or relocate any route. The trial court found that a route was established and agreed upon by the parties in a general direction to the north and west of the Burke Lake Recreation Area. It was found to be the same as contemplated and discussed by the parties during the easement negotiations and after the signing of the easement. The trial court further found that the southern route was, in fact, temporary, and that no mutual agreement had ever been arrived upon as to its use in relationship to the easement in question.

■ To these findings we do not agree. The record is clear that a route to the north and west of Burke Lake was contemplated; however, it had not been designated with certainty and appeared to have been of questionable utility because of the effects of changing weather conditions on the terrain. On the other hand, the Umbergers, with the consent of the state, had been using the southern route constantly since 1970. The trial court by virtue of the findings leaves the Umbergers with an undefined easement and no usable designated route, while prior to this action and after the easement, they had used the southern route with the acquiescence and consent of the state. We find by mutual agreement, usage and continued acquiescence the route has been fixed and specifically designated to the south and that the barricade in question is in violation of the easement. The judgment, then, is reversed and remanded as concerns the Umbergers.

■ The trial court further held from the evidence that the barricade established across the section line highway in the Burke Lake Recreation Area was not a part of the Gregory County highway system but part of the Burke Civil Township system. We affirm that holding.

The trial court also held that the South Dakota law limiting participation in proceedings to vacate township roads to electors of the township was constitutional as applied to this case. The statutes were strictly followed and applied, and plaintiff, Junod, had no substantial interest to be affected. *Great Northern Ry. v. Whitfield,* 1937, 65 S.D. 173, 272 N.W. 787.

Finally, the trial court determined the location of the township road in relation to the extension therefrom of the County Highway system. We find sufficient facts to substantiate this finding.

All the Justices concur.

McMURCHIE, Circuit Judge, sitting as a member of the court.

ZASTROW, J., not having been a member of the court at the time this case was orally argued, did not participate.